IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OSCAR RIVERA, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-0028 |
| § | |
| ALBERTO GONZALES, § | |
| Attorney General, *et al.*, § | |
| § | |
| Respondents. § | |

**MEMORANDUM AND ORDER**

Petitioner Oscar Rivera filed this habeas corpus petition seeking release from detention by the Department of Homeland Security-Immigration and Customs Enforcement (USICE). Rivera claims that although an immigration judge rejected the government's attempt to remove him based on a previous conviction and the government failed to appeal that decision, he is nevertheless being held and forced to face removal proceedings arising from the same underlying offense. (Docket Entry No. 1). Rivera has moved for summary judgment. Gonzales has responded and cross-moved for summary judgment on the ground that this court lacks jurisdiction to hear Rivera's claims. (Docket Entry No. 13). Rivera has replied. (Docket Entry No. 14). After reviewing the motions and responses, the pleadings, the record, and the applicable law, this court denies Rivera's motion for summary judgment and grants Gonzales's motion for summary judgment. The reasons are explained below.

Rivera is a native and citizen of Mexico who was admitted to the United States as a lawful permanent resident on October 8, 1989, and has lived in the United States since that date. On November 18, 1996, Rivera pleaded guilty to misdemeanor assault in Denton County, Texas. (Docket Entry No. 13, Ex. 2). Rivera received a sentence of one year in jail and two years of supervised release. (*Id.*). After Rivera completed his sentence, the USICE instituted removal proceedings on September 9, 2004 under Section 237(a)(2)(E) of the Immigration and Nationality Act. The USICE alleges that Rivera's 1996 conviction was for a domestic violence offense. (Docket Entry No. 13, Ex. 3). Rivera moved to terminate the removal proceedings and the government failed to respond. The immigration judge granted Rivera's motion to terminate. (*Id.*, Ex. 5). The government filed a motion for reconsideration, which the Immigration Judge denied. (Docket Entry No. 1, Ex. 2; Docket Entry No. 7, Ex. 5). The government did not appeal.

On December 7, 2005, USICE again instituted removal proceedings against Rivera, asserting that Rivera's 1996 state-court conviction was an aggravated felony, making Rivera removable under Section 237(a)(2)(A)(iii)) of the Immigration and Nationality Act. Rivera moved to terminate the removal proceedings on *res judicata* grounds. (Docket Entry No. 13, Ex. 7). The immigration judge denied Rivera's motion, reasoning that because the USICE did not raise this ground for removal in the previous hearing, it was not barred. (*Id.*, Ex. 8). The immigration judge also refused Rivera's bond request, ruling that Rivera's five previous driving-while-intoxicated convictions made him a danger to the community. (*Id.*). Rivera's

removal proceeding has not yet concluded. (*Id.*). Rivera has preserved the preclusion issue for appeal to the Board of Immigration Appeals. (*Id.*, Ex. 9).

Before a court can review the administrative decisions of the USICE, the alien must first exhaust "all administrative remedies." *Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000) (quoting 8 U.S.C. § 1252(d)). This requirement applies even if the alien is not presently under a removal order. *See, e.g.*, *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 388 (5th Cir. 2001). Rivera's petition asks this court to review the second immigration judge's decision that *res judicata* does not preclude the USICE's current removal proceeding. To obtain review of this decision, Rivera must first exhaust his available administrative remedies by appealing the immigration judge's decision to the Board of Immigration Appeals. 8 C.F.R. §§ 240.15, 1003.38, and 1003.3. If the BIA rules against Rivera, he may then file a petition for review with the United States Court of Appeals for the Fifth Circuit. Rivera cannot use a writ of habeas corpus to circumvent the administrative process, the exhaustion requirement, or the statutory jurisdictional limits. The same logic applies to Rivera's complaint that he is unlawfully detained. He must first exhaust his administrative remedies. *See, e.g.*, *United States ex rel. Chung v. Thornburgh*, 749 F. Supp. 93, 96–97 (S.D.N.Y. 1990); *Massoumi-Demaghi v. Weiss*, 631 F. Supp. 1525, 1526–27 (D. Conn. 1986).

Because this court lacks jurisdiction to hear Rivera's claims, it cannot address his claims on the merits. Rivera's motion for summary judgment is denied. Gonzales's motion

for summary judgment is granted. This case is dismissed, without prejudice, by separate order, to allow Rivera to exhaust and to seek review from the appropriate court.

SIGNED on March 31, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge